UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MARTIN J. WALSH,
Secretary of Labor,
United States Department of Labor,

*Plaintiff*,

v.

GARGAN STABLES CORP., and DANNY
GARGAN, Individually and as President,

*Defendants.*

**FILED**
**CLERK**

11:41 am, Jan 07, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Civil Action No. 21-cv-03390

## CONSENT JUDGMENT

Plaintiff MARTIN J. WALSH, the Secretary of Labor, has filed his complaint, and Defendants GARGAN STABLES CORP. ("Corporate Defendant"), and DANNY GARGAN (together, "Defendants") appeared by Counsel, waive their answer, and agree to the entry of this Consent Judgment without contest to fully resolve the claims at issue in this Action.

Defendants acknowledge that they have notice of and understand the provisions of this Consent Judgment; acknowledge their responsibilities pursuant to this Consent Judgment; and acknowledge that they may be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment.

I.   Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Judgment.

II.     Corporate Defendant admits that from at least December 28, 2017 through at least February 26, 2020 ("the Relevant Time Period"), it was an employer, within the meaning of Section 3(d) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("the Act" or "the FLSA"), 29 U.S.C. § 203(d), of groomers and hotwalkers.

III.    Defendant Danny Gargan admits that during the relevant time period he was an employer, within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), of the Corporate Defendant's groomer and hotwalkers employees.

IV.     The Secretary has alleged that during the relevant time period, Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA by failing to pay their groomer and hotwalker employees in overtime wages for all hours worked, and failing to make, keep, and preserve adequate and accurate records.

V.      The Secretary has alleged that during the relevant time period, Defendants did not keep complete and accurate wage and hour records as required by the Act.

VI.     The Secretary has alleged that during the relevant time period, Defendants did not pay certain groomer and hotwalker employees overtime at one and one-half times the regular hourly rate for hours in excess of forty per week as required by the Act.

VII.    By letter dated May 27, 2020, the Deputy Administrator of the Wage and Hour Division of the U.S. Department of Labor ("Administrator"), pursuant to Section 16(e)(2) of the Act, 29 U.S.C. § 216(e)(2), issued a notice of assessment of FLSA civil money penalties ("CMPs").

VIII.   By letter dated May 28, 2020 Defendants' timely filed with the Administrator an exception and request for hearing on the determination to assess the CMPs pursuant to the Act's implementing regulations at 29 C.F.R. Parts 578 to 580.

IX.   This Consent Judgment resolves all disputes associated with the instant case for the Relevant Time Period, as well as resolve any dispute regarding the CMPs issued to Defendants on May 27, 2020 arising out of Wage and Hour Division inspection number 1868162.

X.   Having resolved all disputes in connection to the CMPs issued to Defendants on May 27, 2020, Defendants withdraw their May 28, 2020 exception and agree to pay the CMPs consistent with this Consent Judgment.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

1.   Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) ("the Act"), in any of the following manners:

   a.   Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which may in the future become, applicable under Section 6 of the Act.

b.  Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates, as required by Section 7 of the Act.

c.  Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 C.F.R. Part 516.

d.  Defendants shall not discharge or take any retaliatory action against any employee, including soliciting the repayment of overtime compensation paid to any employee under this Consent Judgment or otherwise, because the employee engaged in or is believed to have engaged in any of the following activities:

i.  Discloses, protests, or threatens to disclose or protest, to a supervisor, Defendants' Compliance Monitor, or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the

Act, by the employer or another employer with whom there is a business relationship; or

iii.  Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

e.  Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the United States Department of Labor ("U.S. Department of Labor"), or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

2.  Pursuant to the parties' agreement that unpaid overtime back wages are owed and shall be paid to the employees listed on Exhibit A, which is attached to this Consent Judgment, in the amount of $66,315.52, plus an equal additional amount of liquidated damages of $66,315.52, and Civil Money Penalties ("CMPs") in the amount of $37,368.96 for **a total amount of $170,000**, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $66,315.52 in unpaid overtime back wages due Defendants' employees listed in Exhibit A. Further, Defendants shall pay a total of $66,315.52 in liquidated damages due Defendants' employees listed in Exhibit A. Defendants further agree to pay $37,368.96 in CMPs in connection to the May 27, 2020 letter assessing CMPs in full resolution of any obligation to pay CMPs as stated therein. The payments of back wages, liquidated damages, and CMPs shall be made by

Defendants in accordance with Paragraph 3 of this Consent Judgment.

3.  The provisions of this Consent Judgment relative to back wages payments, liquidated damages payments, and CMPs payment shall be deemed satisfied, when Defendants fully comply with the terms of payment set forth below:

    a.  Within 60 days after issuance of an order entering this Consent Judgment, Defendants shall make a payment of $132,631.04, representing the combined back wages and liquidated damages due to current and former employees, as follows:

        i.  Go to https://pay.gov/public/form/start/77689032, select "Continue to Form" and complete the required fields.

            1.  The "BW Case Number" is Case No. 1868162.

            2.  The "Date of Assessment" is the date of the Judgment.

    b.  Within 60 days after issuance of an order entering this Consent Judgment, Defendants shall make a payment of $37,368.96, representing the amount owed in CMPs, as follows:

        i.  Go to https://pay.gov/public/form/start/77734139, select "Continue to Form" and complete the required fields.

            1.  The "CMP Case Number" is Case No. 1868162.

            2.  The "Date of Assessment" is the date of the Judgment.

    c.  Within 30 days after issuance of an order entering this Consent Judgment, Defendant shall provide the Secretary with a spreadsheet detailing for each current and former employee listed on Exhibit A the following information, to the extent such information is in Defendants' custody or possession: (i) full

name, (ii) social security number, if such is available, (iii) last known address, (iv) last known telephone number, (v) last known e-mail address, (vi) gross back pay amount, (vii) net back pay amount, (viii) federal, state and local withholdings from gross overtime back wages, (ix) any other legal deductions and (x) liquidated damages payment amount.

d.  In the event Defendants fail to make a payment within ten days of a due date set forth in Paragraphs 3.a. and 3.b. of this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time after any such failure to make payment and may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary after such failure to make payment, Defendants agree to furnish a complete and accurate list of their real, personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

4.  The Secretary shall distribute the back wages and liquidated damages to the former and current employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid back wages and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employers' share of any applicable taxes to the appropriate local, state, and federal revenue authorities.

5. Defendants will work in good faith with the Secretary to identify three dates on which representatives of the Secretary may enter Defendants' premises to distribute back wage and liquidated damages checks to Defendants' employees. Defendants will, starting at least seven days before each such agreed upon date alert the employees who are entitled back wages and liquidated damages under this Consent Judgment of the date, time, and purpose of visits from the Secretary's representatives.

6. Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any person listed on Exhibit A. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Section may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

7. Within 21days after the issuance of an order entering this Consent Judgment, Defendants shall display in conspicuous places throughout each of their establishments for their employees' viewing the poster "Employee Rights Under the Fair Labor Standards Act" (attached hereto as Exhibit B) in Spanish and English issued by, and available on the website of, the U.S. Department of Labor (currently available at https://www.dol.gov/agencies/whd/posters). Within 21 days after the issuance of an order entering this Consent Judgment, Defendants shall also display in conspicuous places throughout each of their establishments for their employees' viewing the factsheet "Overtime Pay Requirements of the FLSA," (attached hereto as Exhibit C) in Spanish and English issued by, and available on the website of, the U.S. Department of Labor. (currently

available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs23.pdf; https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs23span.pdf). Defendants shall maintain these postings or any updates thereto permanently.

8.  Within 21 days after issuance of an order entering this Consent Judgment, Defendants shall display in conspicuous places throughout each of their establishments for their employees' viewing the "Notice of Employees" document (attached hereto as Exhibit D) in Spanish and English. Defendants shall maintain these postings for at least 180 days after posting.

9.  Defendants shall distribute Spanish and English copies of the flyer entitled "Employee Rights under the Fair Labor Standards Act," the factsheet entitled "Overtime Pay Requirements of the FLSA," and the "Notice to Employees" to each current employee within 30 days after the date of entry of this Consent Judgment. Thereafter, Defendants shall provide the current versions (as issued and updated by the U.S. Department of Labor and currently available on the Department's website at the links referenced in the Section) of the "Employee Rights under the Fair Labor Standards Act" poster and the "Overtime Pay Requirements of the FLSA" factsheet to any new employee who is hired by Defendants within three years following entry of this Consent Judgment, at the time of the employee's hire.

10. Defendants shall implement the following provisions to ensure their compliance with the Act:

   a. **Compliance Monitor.** As further set forth below, and for at least three years following the entry of this Consent Judgment, Defendants shall engage (at their own expense) a human resources professional, law firm, or other person/entity (hereinafter referred to as the "Compliance Monitor") with demonstrable and

bona fide credentials, knowledge, and experience in the requirements of the Fair Labor Standards Act, including but not limited to the Act's requirement that non-exempt employees, are paid premium pay, at a rate of time and one-half their regular rate, for the hours they work in excess of 40 in a workweek, and the Act's requirement that employers maintain accurate hours of their employees' work.

i. Within 45 days of the entry of this Consent Judgment, Defendants shall engage the services of the Compliance Monitor.

ii. The Compliance Monitor shall review Defendants' pay and record keeping practices to ensure compliance with the Act, and make recommendations to Defendants to the extent the Compliance Monitor determines any of Defendants' pay or recordkeeping practices are not in compliance with the Act's requirements.

iii. For a minimum of three years following the entry of this Judgment, Defendants will consult with the Compliance Monitor when making any changes to their timekeeping or pay practices.

iv. Defendants will ensure that the Compliance Monitor has access to Defendants' time and pay records and timekeeping systems. Defendants will also ensure that the Compliance Monitor has the opportunity to observe the work hours of, and conduct interviews of, Defendants' employees as the Compliance Monitor deems necessary. Defendants shall not take any retaliatory action against any employee on account of

the employee's actual or perceived disclosure to, or cooperation with, the Compliance Monitor.

b. **Timekeeping and Payroll.** In consultation with the Compliance Monitor, Defendants shall implement and utilize an electronic timekeeping system of Defendants' choice, in connection to their operations located at the Belmont Race Track in Elmont, New York ("Belmont"), to ensure that all hours worked by all non-exempt employees at the Belmont location are recorded accurately. At all Defendants' locations outside of Belmont, Defendants, in consultation with the Compliance Monitor, will implement and utilize a timekeeping system of Defendants' choice, electronic or otherwise, to ensure that all hours worked by all non-exempt employees at each such location are recorded accurately.

   i. Defendants shall complete implementation of the timekeeping systems within 60 days after the date of entry of this Consent Judgment.

   ii. Within 30 days after the installation of the timekeeping system or 14 days after employees' arrival at their place of employment, whichever is later, and in consultation with the Compliance Monitor, Defendants at their expense will provide training for all employees on the proper use of the timekeeping system in languages understandable to the employees (including but not limited to English and Spanish) and will pay employees for that training time in compliance with the Act.

   iii. Defendants shall not edit or alter employees' hours worked in the timekeeping system in any way that does not accurately reflect employees' actual hours worked.

iv.   Defendants shall not request, require, or otherwise cause employees to perform work "off the books." Defendants understand and agree that non-exempt employees' work performed for "extra tasks" (e.g., laundry; holding horses for a blacksmith or veterinarian, or during machine therapy; unloading hay; schooling a horse by taking it between the saddling paddock and the barn; feeding or watering horses; and related to races, including but not limited to walking horses to and from the racetrack) is compensable time that must be recorded in the timekeeping system or otherwise accurately recorded consistent with Paragraph 8(b) of this Consent Judgment and the Act.

v.   If employees perform any work for Defendants not recorded in the timekeeping system, Defendants shall ensure (pursuant to practices devised in consultation with the Compliance Monitor) that such time, including daily start and end times, is recorded in accordance with the Act and 29 C.F.R. Part 516, and is compensated by Defendants in accordance with the Act.

vi.   In the event that the electronic timekeeping system Defendants use at applicable locations is temporarily nonoperational, or that employees perform work for Defendants at locations where no timekeeping system is installed (e.g., during employee travel), in consultation with the Compliance Monitor, Defendants shall use other means for keeping accurate records of all hours worked by their employees in accordance with the Act and 29 C.F.R. Part 516.

vii. Pursuant to practices devised in consultation with the Compliance Monitor, Defendants shall ensure that they pay wages to non-exempt employees based on the hours they work during each applicable pay period, including any applicable overtime premium, in accordance with the Act and its implementing regulations, including but not limited to 29 C.F.R. Part 775 and Part 778.

11. Defendants neither admit nor deny the allegations of violations set forth in the Complaint.

12. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed on Exhibit A to this Consent Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred after February 26, 2020.

13. Pursuant to 29 U.S.C. § 216(c), the right provided by 29 U.S.C. § 216(b) to the employees listed on Exhibit A to this Consent Judgment to bring an action against defendants by or on behalf of any employee to recover the liability specified in the first sentence of 29 U.S.C. § 216(b) and of any employee listed on Exhibit A to become a party plaintiff to any such action for the time period from December 28, 2017 through February 26, 2020 terminated upon the filing of the Complaint by the Secretary in this Action. Nothing in this paragraph is intended to alter the rights of any person as set forth in 29 U.S.C. §§ 216-217.

14. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

15. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent

    Judgment.

SO ORDERED:

DATED: _____January 7,_____, 2022
Brooklyn New York
Central Islip,

s/ Denis R. Hurley
_____
HONORABLE DENIS R. HURLEY
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of

this Judgment.

GARGAN STABLES CORP, and DANNY GARGAN

BY: _____
DANNY GARGAN
As President, GARGAN STABLES CORP.

BY: _____
DANNY GARGAN, Individually

_____
AARON SOLOMON, ESQ.
EDWARD GRIMMETT, ESQ.
Kaufman Dolowich Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Phone: 516-681-1100
asolomon@kdvlaw.com
*Attorney for Defendants*

RULE 408 SETTLEMNET NEGOTIATION
PRIVILIGED AND CONFIDENTIAL ATTORNEY WORK PRODUCT

STATE OF Florida )
COUNTY OF Palm Beach ) :SS:

On the 5th day of January , **2022** before me came **DANNY GARGAN**, to me

known, who, being by me duly sworn, did depose and say that he is a duly authorized officer

of **GARGAN STABLES CORP., and DANNY GARGAN,** described in and which

executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

NOTARY PUBLIC
★ STATE OF FLORIDA ★
CALVIN H CHANDLER, JR.
Commission # GG 348539
Expires October 24, 2023
Bonded Thru Budget Notary Services

STATE OF Florida )
COUNTY OF Palm Beach ) :SS:

On the 5th day of January , **2022** before me came **DANNY GARGAN**, to me

known and known to me to be the individual described in and who executed the foregoing

instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

NOTARY PUBLIC
★ STATE OF FLORIDA ★
CALVIN H CHANDLER, JR.
Commission # GG 348539
Expires October 24, 2023
Bonded Thru Budget Notary Services

15

**Secretary v. Gargan Stables et ano., 21-cv-03390-DRH-JMW**
**Consent Judgment – Exhibit A**

| Name | Back Wages Due | Liquidated Damages Due | Total Amount Due |
|---|---|---|---|
| Aguilar, Agustin | $1,064.39 | $1,064.39 | $2,128.78 |
| Alfaro, Adrian | $1,522.33 | $1,522.33 | $3,044.66 |
| Alfaro, Lucia | $561.85 | $561.85 | $1,123.70 |
| Alfaro, Reynaldo | $3,909.34 | $3,909.34 | $7,818.68 |
| Alvarez, Elio | $3,974.66 | $3,974.66 | $7,949.32 |
| Amezcua, Alfonso | $1,197.25 | $1,197.25 | $2,394.50 |
| Amezcua, Antonio | $1,823.17 | $1,823.17 | $3,646.34 |
| Amezcua, Jose | $2,567.10 | $2,567.10 | $5,134.20 |
| Andrade, Fernando | $7,209.06 | $7,209.06 | $14,418.12 |
| Andrade, Pamela | $1,647.27 | $1,647.27 | $3,294.54 |
| Carmona, Carlos | $47.37 | $47.37 | $94.74 |
| Cruz, Carlos | $158.99 | $158.99 | $317.98 |
| Cruz, Rina | $783.99 | $783.99 | $1,567.98 |
| Delgado, Juan | $2,540.68 | $2,540.68 | $5,081.36 |
| Delgado, Raymond | $197.71 | $197.71 | $395.42 |
| Diego, Marinero | $48.00 | $48.00 | $96.00 |
| Fernandez, Ramiro | $141.97 | $141.97 | $283.94 |
| Fragoso, Melquiades | $621.71 | $621.71 | $1,243.42 |
| Garcia, Braulio | $714.54 | $714.54 | $1,429.08 |
| Garcia, Ramon | $1,441.78 | $1,441.78 | $2,883.56 |
| Gonsales, Nanci | $1,608.16 | $1,608.16 | $3,216.32 |
| Gonzalez, Armando | $41.22 | $41.22 | $82.44 |
| Guerrero, Miriam | $480.60 | $480.60 | $961.20 |
| Gutierrez, Maria | $898.66 | $898.66 | $1,797.32 |
| Gutierrez, Roxana | $1,360.36 | $1,360.36 | $2,720.72 |
| Gutierrez, Sergio | $3,016.42 | $3,016.42 | $6,032.84 |
| Lopez, Victor | $1,887.48 | $1,887.48 | $3,774.96 |
| Martinez, Maria | $2,763.52 | $2,763.52 | $5,527.04 |
| Martinez, Miguel | $106.59 | $106.59 | $213.18 |
| Martinez, Rogelio | $405.85 | $405.85 | $811.70 |
| Medrano, Jose | $6,159.07 | $6,159.07 | $12,318.14 |
| Molina, Valdemar | $1,071.03 | $1,071.03 | $2,142.06 |
| Munoz, Merari | $417.48 | $417.48 | $834.96 |
| Nava, Raul | $141.75 | $141.75 | $283.50 |
| Nolasco, Antonio | $44.06 | $44.06 | $88.12 |
| Olarte, Ruperto | $5,608.10 | $5,608.10 | $11,216.20 |
| Olivares, Rosario | $315.26 | $315.26 | $630.52 |
| Ortiz, Jose | $48.82 | $48.82 | $97.64 |

| | | | |
|---|---|---|---|
| Palacios, Maria | $328.93 | $328.93 | $657.86 |
| Pena, Jorge | $48.06 | $48.06 | $96.12 |
| Perez, Rigoberto | $1,184.82 | $1,184.82 | $2,369.64 |
| Ramos, Luiz | $695.89 | $695.89 | $1,391.78 |
| Ramos, Maria | $410.58 | $410.58 | $821.16 |
| Rivas, Angel | $270.30 | $270.30 | $540.60 |
| Rivas, Fabian | $2,077.36 | $2,077.36 | $4,154.72 |
| Rodriguez, Eduardo | $1,167.63 | $1,167.63 | $2,335.26 |
| Rodriguez, Wesley | $309.44 | $309.44 | $618.88 |
| Salazar, Julio | $59.22 | $59.22 | $118.44 |
| Santos, Marilin | $287.39 | $287.39 | $574.78 |
| Vasquez, Rommel | $139.68 | $139.68 | $279.36 |
| Venegas, Erica | $27.38 | $27.38 | $54.76 |
| Zuhuacaltzi, Daniel | $761.25 | $761.25 | $1,522.50 |
| **Total Due:** | **$66,315.52** | **$66,315.52** | **$132,631.04** |

**Secretary v. Gargan Stables et ano., 21-cv-03390-DRH-JMW**
**Consent Judgment – Exhibit B**

# EMPLOYEE RIGHTS
## UNDER THE FAIR LABOR STANDARDS ACT

## FEDERAL MINIMUM WAGE
# $7.25 PER HOUR
### BEGINNING JULY 24, 2009

**The law requires employers to display this poster where employees can readily see it.**

**OVERTIME PAY**
At least 1½ times the regular rate of pay for all hours worked over 40 in a workweek.

**CHILD LABOR**
An employee must be at least 16 years old to work in most non-farm jobs and at least 18 to work in non-farm jobs declared hazardous by the Secretary of Labor. Youths 14 and 15 years old may work outside school hours in various non-manufacturing, non-mining, non-hazardous jobs with certain work hours restrictions. Different rules apply in agricultural employment.

**TIP CREDIT**
Employers of "tipped employees" who meet certain conditions may claim a partial wage credit based on tips received by their employees. Employers must pay tipped employees a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation. If an employee's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference.

**NURSING MOTHERS**
The FLSA requires employers to provide reasonable break time for a nursing mother employee who is subject to the FLSA's overtime requirements in order for the employee to express breast milk for her nursing child for one year after the child's birth each time such employee has a need to express breast milk. Employers are also required to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by the employee to express breast milk.

**ENFORCEMENT**
The Department has authority to recover back wages and an equal amount in liquidated damages in instances of minimum wage, overtime, and other violations. The Department may litigate and/or recommend criminal prosecution. Employers may be assessed civil money penalties for each willful or repeated violation of the minimum wage or overtime pay provisions of the law. Civil money penalties may also be assessed for violations of the FLSA's child labor provisions. Heightened civil money penalties may be assessed for each child labor violation that results in the death or serious injury of any minor employee, and such assessments may be doubled when the violations are determined to be willful or repeated. The law also prohibits retaliating against or discharging workers who file a complaint or participate in any proceeding under the FLSA.

**ADDITIONAL INFORMATION**
- Certain occupations and establishments are exempt from the minimum wage, and/or overtime pay provisions.
- Special provisions apply to workers in American Samoa, the Commonwealth of the Northern Mariana Islands, and the Commonwealth of Puerto Rico.
- Some state laws provide greater employee protections; employers must comply with both.
- Some employers incorrectly classify workers as "independent contractors" when they are actually employees under the FLSA. It is important to know the difference between the two because employees (unless exempt) are entitled to the FLSA's minimum wage and overtime pay protections and correctly classified independent contractors are not.
- Certain full-time students, student learners, apprentices, and workers with disabilities may be paid less than the minimum wage under special certificates issued by the Department of Labor.



**WAGE AND HOUR DIVISION**
UNITED STATES DEPARTMENT OF LABOR

**1-866-487-9243**
TTY: 1-877-889-5627
**www.dol.gov/whd**



WH1088   REV 07/16

# DERECHOS DE LOS TRABAJADORES
## BAJO LA LEY DE NORMAS JUSTAS DE TRABAJO (FLSA–siglas en inglés)

## SALARIO MÍNIMO FEDERAL
# $7.25 POR HORA
### A PARTIR DEL 24 DE JULIO DE 2009

**La ley exige que los empleadores exhiban este cartel donde sea visible por los empleados.**

**PAGO POR SOBRETIEMPO**
Por lo menos tiempo y medio (1½) de la tasa regular de pago por todas las horas trabajadas en exceso de 40 en una semana laboral.

**TRABAJO DE MENORES DE EDAD**
El empleado tiene que tener por lo menos 16 años para trabajar en la mayoría de los trabajos no agrícolas y por lo menos 18 años para trabajar en los trabajos no agrícolas declarados peligrosos por la Secretaría de Trabajo. Los menores de 14 y 15 años pueden trabajar fuera del horario escolar en varias ocupaciones que no sean de manufactura, de minería, y que no sean peligrosas con ciertas restricciones al horario de trabajo. Se aplican distintos reglamentos al empleo agrícola.

**CRÉDITO POR PROPINAS**
Los empleadores de "empleados que reciben propinas" que cumplan con ciertas condiciones, pueden reclamar un crédito de salario parcial basado en las propinas recibidas por sus empleados. Los empleadores les tienen que pagar a los empleados que reciben propinas un salario en efectivo de por lo menos $2.13 por hora si ellos reclaman un crédito de propinas contra su obligación de pagar el salario mínimo. Si las propinas recibidas por el empleado combinadas con el salario en efectivo de por lo menos $2.13 por hora del empleador no equivalen al salario mínimo por hora, el empleador tiene que compensar la diferencia.

**MADRES LACTANTES**
La FLSA exige que los empleadores le proporcionen un tiempo de descanso razonable a la empleada que sea madre lactante y que esté sujeta a los requisitos de sobretiempo de la FLSA, para que la empleada se extraiga leche manualmente para su niño lactante por un año después del nacimiento del niño, cada vez que dicha empleada tenga la necesidad de extraerse leche. A los empleadores también se les exige que proporcionen un lugar, que no sea un baño, protegido de la vista de los demás y libre de la intrusión de los compañeros de trabajo y del público, el cual pueda ser utilizado por la empleada para extraerse leche.

**CUMPLIMIENTO**
El Departamento tiene la autoridad de recuperar salarios retroactivos y una cantidad igual en daños y perjuicios en casos de incumplimientos con el salario mínimo, sobretiempo y otros incumplimientos. El Departamento puede litigar y/o recomendar un enjuiciamiento criminal. A los empleadores se les pueden imponer sanciones pecuniarias civiles por cada incumplimiento deliberado o repetido de las disposiciones de la ley del pago del salario mínimo o de sobretiempo. También se pueden imponer sanciones pecuniarias civiles por incumplimiento con las disposiciones de la FLSA sobre el trabajo de menores de edad. Además, se pueden imponer sanciones pecuniarias civiles incrementadas por cada incumplimiento con el trabajo de menores que resulte en la muerte o una lesión seria de un empleado menor de edad, y tales evaluaciones pueden duplicarse cuando se determina que los incumplimientos fueron deliberados o repetidos. La ley también prohíbe tomar represalias o despedir a los trabajadores que presenten una queja o que participen en cualquier proceso bajo la FLSA.

**INFORMACIÓN ADICIONAL**
- Ciertas ocupaciones y ciertos establecimientos están exentos de las disposiciones del salario mínimo, y/o de las disposiciones del pago de sobretiempo.
- Se aplican disposiciones especiales a trabajadores de Samoa Americana, del Estado Libre Asociado de las Islas Marianas del Norte y del Estado Libre Asociado de Puerto Rico.
- Algunas leyes estatales proporcionan protecciones más amplias a los trabajadores; los empleadores tienen que cumplir con ambas.
- Algunos empleadores clasifican incorrectamente a sus trabajadores como "contratistas independientes" cuando en realidad son empleados según la FLSA. Es importante conocer la diferencia entre los dos porque los empleados (a menos que estén exentos) tienen derecho a las protecciones del salario mínimo y del pago de sobretiempo bajo la FLSA y los contratistas correctamente clasificados como independientes no lo tienen.
- A ciertos estudiantes de tiempo completo, estudiantes alumnos, aprendices, y trabajadores con discapacidades se les puede pagar menos que el salario mínimo bajo certificados especiales expedidos por el Departamento de Trabajo.

 

**DIVISIÓN DE HORAS Y SALARIOS**
DEPARTAMENTO DE TRABAJO DE LOS EE.UU.

**1-866-487-9243**
TTY: 1-877-889-5627
**www.dol.gov/whd**

WH1088 SPA   REV 07/16

**Secretary v. Gargan Stables et ano., 21-cv-03390-DRH-JMW**
**Consent Judgment – Exhibit C**

**U.S. Department of Labor**
Wage and Hour Division



(Revised October 2019)

# Fact Sheet #23: Overtime Pay Requirements of the FLSA

This fact sheet provides general information concerning the application of the <u>overtime pay</u> provisions of the <u>FLSA</u>.

**Characteristics**

An employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work.

**Requirements**

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number of hours employees aged 16 and older may work in any workweek. The Act does not require <u>overtime pay</u> for work on Saturdays, Sundays, holidays, or regular days of rest, as such.

The Act applies on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Different workweeks may be established for different employees or groups of employees. Averaging of hours over two or more weeks is not permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day for the pay period in which the wages were earned.

The regular rate of pay cannot be less than the <u>minimum wage</u>. The regular rate includes all remuneration for employment except certain payments excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses incurred on the employer's behalf, premium payments for overtime work or the true premiums paid for work on Saturdays, Sundays, and holidays, discretionary bonuses, gifts and payments in the nature of gifts on special occasions, and payments for occasional periods when no work is performed due to vacation, holidays, or illness.

Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions noted above) in any workweek by the total number of hours actually worked.

Where an employee in a single workweek works at two or more different types of work for which different straight-time rates have been established, the regular rate for that week is the weighted average of such rates. That is, the earnings from all such rates are added together and this total is then divided by the total number of hours worked at all jobs. In addition, section 7(g)(2) of the FLSA allows, under specified conditions, the computation of overtime pay based on one and one-half times the hourly rate in effect when the overtime work is performed. The requirements for computing overtime pay pursuant to section 7(g)(2) are prescribed in <u>29 CFR 778.415</u> through <u>778.421</u>.

Where non-cash payments are made to employees in the form of goods or facilities, the reasonable cost to the employer or fair value of such goods or facilities must be included in the regular rate.

**Typical Problems**

Fixed Sum for Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money paid is equal to or greater than the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work overtime on Sunday will qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the employees always work less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour regardless of the time actually spent for work on a job performed during overtime hours, the entire $78.00 must be included in determining the employees' regular rate.

Salary for Workweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge FLSA statutory obligations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. In this instance the regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $9.00. The employee is then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate of pay ($4.50 x 5 = $22.50).

Overtime Pay May Not Be Waived: The overtime requirement may not be waived by agreement between the employer and employees. An agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the test of FLSA compliance. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be paid for unless authorized in advance, also will not impair the employee's right to compensation for compensable overtime hours that are worked.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**                                              **1-866-4-USWAGE**
Frances Perkins Building                                                 TTY: 1-866-487-9243
200 Constitution Avenue, NW                                              **Contact Us**
Washington, DC 20210

**Departamento De Trabajo de EEUU**
División de Horas y Salarios



(Octubre 2007)

## Hoja de datos #23: Requisitos para el pago de sobretiempo bajo la Ley de Normas Razonables de Trabajo

Esta ficha técnica ofrece información general con respecto a la aplicación de las disposiciones de la Ley de Normas Razonables de Trabajo (FLSA) para el pago de sobretiempo.

**Características**

Un empleador que requiere o permite que un empleado trabaje sobretiempo generalmente debe pagar al empleado una prima por el trabajo de sobretiempo.

**Requisitos**

A menos que estén expresamente exentos, los empleados bajo el alcance de la Ley deben recibir el pago de sobretiempo a una tasa no inferior a tiempo y medio de la tasa regular de pago del trabajador por cada hora trabajada en exceso de 40 en una semana laboral. La Ley no establece limitaciones con respecto al número de horas que los empleados mayores de 16 años pueden trabajar en una semana laboral. La Ley no requiere el pago de sobretiempo por trabajar los sábados, domingos, feriados o días de descanso como tales.

La Ley se aplica por semana laboral. La semana laboral de un empelado es un período fijo y regularmente recurrente de 168 horas, siete períodos consecutivos de 24 horas. No es necesario que coincida con una semana calendario, sino que puede comenzar en cualquier día y a cualquier hora. Se pueden establecer diferentes semanas laborales para diferentes empleados o grupos de empleados. No se permite un promedio de horas entre dos o más semanas. Por lo general, el pago de sobretiempo devengado en una semana en particular debe realizarse en el día de pago habitual para el período en el cual fue ganado.

La tasa regular de pago no puede ser inferior al salario mínimo. La tasa regular incluye toda remuneración por el empleo, excepto ciertos pagos excluidos por la Ley misma. Los pagos que no son parte de la tasa regular incluyen el pago de gastos incurridos en representación del empleador, pagos de primas por sobtretiempo trabajado o las primas verdaderas pagadas por el trabajo en días sábados, domingos y feriados, bonos discrecionales, obsequios y pagos en forma de obsequio en ocasiones especiales, y pagos por períodos ocasionales cuando no se realiza trabajo debido a vacaciones, feriados o enfermedad.

Las ganancias pueden determinarse en base a destajo o por pieza, salario, comisión u otros criterios, pero en todos los casos el pago de sobretiempo adeudado deberá computarse en base a la tasa por hora promedio derivada de tales ganancias. Esto se calcula dividiendo el pago total por empleo (con la excepción de las exclusiones nombradas por ley mencionadas anteriormente) en cualquier semana laboral por el número total de horas realmente trabajadas.

Cuando un empleado en una sola semana laboral realiza dos o más tipos diferentes de trabajo para los cuales se han establecido diferentes tasas regulares de pago, la tasa regular para esa semana se determinará calculando el promedio de tales tasas. Es decir, las ganancias de tales tasas se suman y el total se divide por el número total de horas trabajadas en todas las funciones. Adicionalmente, el artículo 7(g)(2) de la FLSA permite, bajo ciertas condiciones, el cálculo del pago de sobretiempo basado en tiempo y medio de la tasa de pago vigente en el

FS 23-SP

momento de trabajarse el sobretiempo. Los requisitos para el cálculo del pago de horas extra según el artículo 7(g)(2) figuran en 29 CFR 778.415 hasta 778.421.

Cuando se realizan pagos que no sean en efectivo, en forma de mercaderías o servicios, el costo razonable para el empleador o el valor de tales bienes o servicios debe incluirse en la tasa regular.

**Problemas típicos**

Suma fija para cantidades variables de sobretiempo: un monto por trabajo realizado durante las horas de sobretiempo sin tener en cuenta el número de horas de sobretiempo trabajadas no se considera una prima de sobretiempo aunque la cantidad de dinero pagada sea igual o mayor a la suma adeudada basada en la tasa por hora. Por ejemplo, ninguna parte de un monto de $180 para empleados que trabajan sobretiempo un domingo se considerará como una prima de sobretiempo, aunque la tasa por hora de los empleados sea de $12.00 la hora y los empleados siempre trabajen menos de 10 horas el domingo. Del mismo modo, cuando un acuerdo establece un pago de 6 horas a $13.00 por hora independientemente del tiempo real dedicado al trabajo realizado durante las horas de sobretiempo, la totalidad de los $78.00 debe incluirse para determinar la tasa regular de los empleados.

Salario para la semana laboral que excede las 40 horas: un salario fijo por una semana laboral regular que exceda las 40 horas no representa una exención de las obligaciones establecidas en la FLSA. Por ejemplo, un empleado puede ser contratado para trabajar 45 horas por semana laboral por un salario semanal de $405. En este caso la tasa regular que se obtiene dividiendo los $405 del salario directo por 45 horas es de $9.00. Entonces al empleado se le adeuda el pago de sobretiempo adicional calculado multiplicando las 5 horas de sobretiempo por la mitad de la tasa regular de pago ($4.50 x 5 = $22.50).

No se puede renunciar al pago de sobretiempo: no se puede renunciar al requisito de sobretiempo por un acuerdo entre empleador y empleados. Un acuerdo que establezca que sólo se computarán como horas trabajadas 8 horas por día o sólo 40 horas a la semana tampoco cumple con la Ley de Normas Razonables de Trabajo. Un anuncio por parte del empleador estableciendo que no se permitirá trabajar sobretiempo, o que el sobretiempo no se pagará a menos que sea autorizado por adelantado, tampoco cercenará el derecho del trabajador a una retribución por las horas de sobretiempo trabajadas.

**Dónde obtener información adicional**

**Para mayor información, visite nuestro sitio en la Red de Horas y Salarios: http://www.wagehour.dol.gov o comuníquese llamando a nuestro servicio gratuito de información y asistencia Horas y Salarios, disponible de 8 a.m. a 5 p.m. en su zona horaria, 1-866-4USWAGE (1-866-487-9243).**

Esta publicación tiene por objeto brindar información general y no deberá ser considerada del mismo tenor que las declaraciones oficiales de postura contenidas en los reglamentos.  La presente ficha es parte de una serie de fichas técnicas que presentan los diferentes programas del Departamento de Trabajo de los EE. UU. El objetivo es brindar únicamente una descripción general y no tiene validez jurídica.

**U.S. Department of Labor**                                        **1-866-4-USWAGE**
Frances Perkins Building                                            TTY: 1-877-889-5627
200 Constitution Avenue, NW                                    Comuníquese con nosotros
Washington, DC 20210

**Secretary v. Gargan Stables et ano., 21-cv-03390-DRH-JMW**
**Consent Judgment – Exhibit D**

**Notice to Employees**

Danny Gargan and Gargan Stables Corp. (together, "Defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement pertaining to their employees. The settlement agreement has been approved by a judge. Defendants neither admitted nor denied the allegations of violations made by the U.S. Department of Labor.

Under the settlement agreement, Defendants will pay the U.S. Department of Labor back wages for certain current and former employees, including hot walkers and groomers, who worked for the Defendants December 2017 through February 2020, and the Department of Labor will distribute the back wages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for Defendants or any person acting on their behalf to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (866) 487-9243. Your name will be kept confidential to the maximum extent permitted by law.

**Secretary v. Gargan Stables et ano., 21-cv-03390-DRH-JMW**
**Consent Judgment – Exhibit D**

**Aviso a los empleados**

Danny Gargan y Gargan Stables Corp. (juntos, los "Demandados") resolvieron una demanda con el Departamento de Trabajo de EE. UU. y entrarón en un acuerdo de solución con sus empleados. El acuerdo de solución ha sido aprobado por un juez. Los acusados no admitieron ni negaron las acusaciones de violaciones  hechas por el Departamento de Trabajo de EE. UU.

Según el acuerdo de solución, los Demandados pagarán al Departamento de Trabajo de EE. UU. los salarios atrasados de ciertos empleados actuales y anteriores, incluidos los caminantes y peluqueros, que trabajaron para los Demandados desde Diciembre de 2017 hasta Febrero de 2020, y el Departamento de Trabajo distribuirá los salarios atrasados directamente a los empleados.

Usted tiene derecho a recibir el monto total de los salarios atrasados (después de impuestos) y los daños liquidados que se le adeuden. Es contra la ley que los Demandados o cualquier persona que actúe en su nombre soliciten la devolución de este dinero o le pidan que renuncie a su salario actual o futuro para obtener dinero del acuerdo.

Está protegido por la Ley de Normas Justas de Trabajo (FLSA), y también es contra la ley que su empleador lo despida, lo informe a inmigración, tome represalias en su contra de cualquier manera o lo amenace con hacer cualquiera de estas cosas por aceptar un acuerdo de dinero o negarse a devolver cualquier dinero que se le haya pagado como parte del acuerdo con el Departamento de Trabajo de EE. UU. Su empleador también tiene prohibido tomar represalias contra usted por proporcionar información al Departamento de Trabajo de los EE. UU. y/o quejarse por no recibir el salario mínimo o el sobretiempo por las horas que trabajó. Su empleador debe pagar a los empleados por todas las horas trabajadas, incluidas sobretiempo, a tiempo y medio de la tasa regular por todas las horas trabajadas en exceso de 40 horas en una semana laboral.

Si eres un empleado y no se le paga por todas sus horas trabajadas, no se le paga el salario mínimo por todas las horas que trabaja, no se le pagan horas extras, si se le ha pedido que devuelva el dinero de su liquidación, si se han tomado represalias contra usted, o si necesita actualizar su información de contacto, por favor llame al Departamento de Trabajo de EE. UU. al (866) 487-9243. Su nombre se mantendrá confidencial en la máxima medida permitida por la ley.